PER CURIAM.
Houdaille Industries, Inc., appeals the assessment of tangible personal property taxes on improvements to office space occupied by it as a subtenant. We reverse.
The appellant company is bound in a sublease to the terms of the main lease between the landlord and tenant. One of the provisions of that lease provides that all installations, alterations, additions, or improvements made by the tenant except for movable furniture, partitions, trade fixtures, and equipment which can be removed without material damage to the premises shall immediately upon being installed become the property of the landlord and shall remain with the premises as a part thereof on the expiration of the lease term.
This provision of the lease controls as to the ownership of the items. The landlord became the owner upon installation. The lease is a further expression of the parties’ intent as to the characterization of the property as realty. In addition, the improvements here involved would by their very nature be considered fixtures and a part of the real estate even in the absence of the lease provision.[1] By virtue of the agreement of the parties to the lease and the nature of the property, all items being contested here are the property of the landlord and are part of the premises. Thus, the property appraiser erred in taxing these improvements as tangible personal property rather than as fixtures. The improvements are owned by and are taxable to the lessor as real property.
REVERSED AND REMANDED.
BERANEK, DELL and WALDEN, JJ., concur.

. The improvements initially in dispute consisted of interior walls, marble flooring, carpeting, pipes, ducts, electrical wiring, central air conditioning, ceilings, and an internal stairway. Immediately before trial, the property appraiser did concede that certain of these items were inappropriately taxed.